IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-157-FL

| | |
|---|---|
| RODERICK S. DAVID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, demand defendant's motion, and remand for further proceedings. Defendant timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation in the M&R, grants plaintiff's motion, denies defendant's motion, and remands for further proceedings.

## BACKGROUND

Plaintiff applied for disability benefits on March 12, 2015, alleging disability beginning January 1, 2011. This application was denied initially and upon reconsideration. A hearing was held on December 2, 2016, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated March 7, 2017. After the appeals council denied plaintiff's request for review, plaintiff commenced an action in this court, on August 4, 2017.

# COURT'S DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from alleged onset date of January 1, 2011, though his date last insured of December 31, 2016. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease; degenerative disc disease; sleep apnea; diabetes mellitus; gout/arthritis; obesity; hypertensinon; carpal tunnel syndrome; pes planar/plantar fasciitis; post-traumatic stress disorder/anxiety disorder. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [Plaintiff] required a sit/stand option that allowed him to change position every 30-minutes. He could reach overhead occasionally, but frequent reaching in all other directions, handling fingering, feeling, pushing, pulling, and/or operating hand controls. He could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and/or crawl. He had [to] avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. He was able [to] understand and perform simple, routine repetitive tasks, and maintain concentration, persistence, and pace to stay on task for 2-hour periods over the course of a typical 8-hour workday in order to perform such tasks, in a low stress setting, further defined to mean no production-pace or quota-based work; rather, he required a goal-oriented job primarily dealing with things as opposed to people, with no more than frequent social interaction with supervisors and co-workers, but no more than occasional social interaction with the public as part of the job.

(Tr. 29). In making this assessment, the ALJ found plaintiff's statements about his limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform past relevant work. At step five, the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff could have performed. Thus, the ALJ concluded that plaintiff was

4

not disabled under the terms of the Social Security Act, at any time from January 1, 2011, through December 31, 2016.

B.     Analysis

In her objections, defendant argues that magistrate judge erred in determining that the ALJ failed to explain sufficiently why a July 2014 Veteran's Affairs (VA) 100% disability rating decision was given only partial weight.

"[I]n making a disability determination, the SSA must give substantial weight to a VA disability rating." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). "However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

The Fourth Circuit has recently clarified when "deviation is appropriate" under the Bird standard, in the context of evaluating a disability determination by the North Carolina Department of Human and Health Services ("NCDHHS"), stating:

> We now conclude, consistent with our sister circuits, that in order to demonstrate that it is "appropriate" to accord less than "substantial weight" to an NCDHHS disability decision, an ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record". . . . For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision. This list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review . . . .

Woods v. Berryhill, 888 F.3d 686, 692–93 (4th Cir. 2018) (citations omitted). Remand is required where an ALJ "fail[s] to adequately explain why he accorded the prior [agency] disability decision less than substantial weight." Id. at 694.

In addition, regardless of the source, the ALJ must evaluate every medical opinion received. 20 C.F.R. §§ 404.1527(c); 416.927(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. Id. §§ 404.1527(c)(1), 416.927(c)(1). Additionally, more weight is generally given to opinions of treating sources, who usually are most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability, than non-treating sources, such as consultative examiners. Id. §§ 404.1527(c)(2), 416.927(c)(2). "Without . . . specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191.

Here, remand is required for two reasons: 1) the ALJ failed to explain adequately why he accorded the VA decision less than substantial weight and 2) the ALJ failed to address or explain why he gave less weight to the opinion of Dr. Carol Bosholm, which is a May 2014 consultative examination opinion in the record upon which, in part, the VA decision was based.

For example, while the ALJ notes the VA decision is based in part upon multiple combined ratings of only 10% disability, (Tr. 35), both the VA and the SSA consider the combined effects of impairments. See, e.g., 20 C.F.R. 404.1545(e). In addition, while the ALJ asserts the VA decision is based only upon diagnosis and treatment for impairments, not functional limitations, (Tr. 35), the VA decision in fact references functional limitations in the body of the decision (e.g., Tr. 257-258), and the medical opinion of Dr. Bosholm upon which it is based describes functional limitations

throughout (e.g., Tr. 642, 645-46 650-51, 662). Furthermore, while the ALJ references "subsequent treatment records . . . not considered by the VA reflect[ing] different reports and examination findings," (Tr. 35), the ALJ is not specific in identifying which evidence "clearly demonstrates that such a deviation is appropriate." Bird, 699 F.3d at 343. In sum, on each of these issues, alone or together, regarding weight given to the VA decision, more explanation is required.

Moreover, and independent of the weight given to the VA decision, the ALJ does not mention Dr. Bosholm's opinion anywhere in his decision, much less explain why he gave less weight to that opinion than other opinions in the record. Defendant offers several reasons for discrediting Dr. Bosholm's opinion. For example, defendant notes Dr. Bosholm's opinion was the result of a one-time consultative exam, and it is inconsistent with other examinations and activities of daily living in the record. As an initial matter, however, discrediting Dr. Bosholm's opinion because it is based upon a consultative examination is an inadequate reason to give it less weight, where the other credited opinions in the record, by Dr. Sylvester Odeke and Dr. Craig Farmer, also were based upon consultative examinations. (e.g., Tr. 430; 437-439). More critically, defendant offers post-hoc reasons for giving less weight to the opinion of Dr. Bosholm, which the ALJ never expressed in the first instance. This failure to explain weight given to Dr. Bosholm's opinion independently requires remand. See Monroe, 826 F.3d at 191.

In this respect, the court augments the analysis in the M&R. The magistrate judge determined that "to the extent that Dr. Bosholm's findings were expressed in the VA disability rating, which ALJ Willis discussed and weighed, a separate analysis of and weight to Dr. Bosholm's opinion would be duplicative and unnecessary." (M&R at 11). However, based upon Fourth Circuit law set forth above, the ALJ is required to give an explanation for weight given both to the VA

disability decision and to medical opinions in the record. Woods, 888 F.3d at 694; Monroe, 826 F.3d at 191. An explanation for one does not necessarily comprise or encompass an explanation for the other. Indeed, in this case, the VA decision cites evidence and reasons for its decision beyond Dr. Bosholm's opinion, (e.g., Tr. 257), and Dr. Bosholm's opinion includes information and functional findings beyond what is described in the VA decision. (E.g., 646, 651, 662). Thus, an evaluation of weight given to one does not render duplicative and unnecessary an evaluation of weight given to the other.

Defendant argues that the magistrate judge's M&R "overlooks the fact that the [ALJ's] decision has substantial evidentiary support." (Obj. at 1). Under the law of this circuit, however, it is not enough that defendant can point to substantial evidentiary support in the record for the SSA's decision. "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford, 734 F.3d at 295. "Without . . . specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191.

**CONCLUSION**

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings (DE 20), DENIES defendant's motion for judgment on the pleadings, (DE 27), and REMANDS this

matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the M&R and this order. The clerk of court is DIRECTED to close this case.

SO ORDERED this 28th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge